PAUL ZRINY, PLAINTIFF-APPELLEE, v. HARTFORD FIRE INSURANCE COMPANY, A CORPORATION, AND HARTFORD ACCIDENT AND INDEMNITY COMPANY, A CORPORATION, DEFENDANTS-APPELLANTS.

Submitted January term, 1931—Decided January 28, 1932.

Before Justices CASE, DALY and DONGES.

For the plaintiff-appellee, *Frank P. Zimmer* (*Congleton, Stallman & Hoover,* of counsel).

For the defendants-appellants, *Reginald V. Spell* (*G. Earl Brugler,* of counsel; *Victor C. Hansen,* on the brief).

PER CURIAM.

This is an appeal from a judgment of the District Court of the First Judicial District of Hudson county in favor of the plaintiff and against the defendant, Hartford Fire Insurance Company.

The amended state of demand contains two counts. Under the first count damages in the amount of $6.50 are claimed against the defendant Hartford Fire Insurance Company, for the amount of the premium alleged to have been paid upon a policy of insurance upon an automobile against loss through fire, alleged to have been unlawfully canceled, and under the second count damages in the amount of $65.70 are claimed against the defendant Hartford Accident and Indemnity Company, for the amount of the premium alleged to have been paid upon a policy of insurance upon an automobile against loss through personal injuries and property damage, alleged to have been unlawfully canceled. Judgment was rendered by the court, sitting without a jury, in favor of the plaintiff and against the defendant Hartford Fire Insurance Company, in the sum of $52.76. No question is raised as to the discrepancy between the state of demand and the judgment.

Both policies were offered and received in evidence without objection. They are not made part of the state of case but it is stipulated therein by counsel that the premiums thereon totaled $72.20, that neither contained any provision as to the manner or method of paying the premiums and that each contained a provision that in the event of cancellation thereof by the company, the insured would be entitled to a refund of the excess of the premium paid, if paid, above the customary short rate premium for the expired term.

The sole witness in behalf of the plaintiff was his wife,

Anna Zriny, who testified that a man named Beshlian interviewed her urging her to take insurance on her husband's car in the "Hartford company," that she agreed that the insurance would be taken, and that subsesquently he brought the policies in question to her and received in cash from her the premiums due. There was no question raised as to the certainty that the premiums were paid by the plaintiff to Beshlian.

The sole witness in behalf of the defendants was their assistant cashier who testified only that the unearned premiums on both policies totaled $52.76. It was admitted that the premiums upon the policies were never received by the company. Beshlian was not called as a witness nor his absence accounted for. The defendants made no attempt to show, nor do they even now contend, that Beshlian had no authority from them to solicit this insurance and deliver these policies; the sole defense is that the premiums were not paid to the companies. But the trial judge was justified in concluding that the defendant companies had enabled Beshlian in this case to have all the appearance of an agent of the defendant companies to deliver the policies and receive and receipt for the premiums due thereon. He had possession of policies admittedly those of the defendant companies insuring the plaintiff; and the companies make no claim that these policies did not properly come into the possession of Beshlian to deliver to the plaintiff; nor do they dispute that the plaintiff, through his wife, paid the admittedly correct premiums thereon to Beshlian and received the policies.

The trial court's denial of the motion for nonsuit was proper. The state of case shows no motion for a directed verdict. We find no merit in defendant's specifications of error.

The judgment will be affirmed.